IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN CHARLESTON,            No. 3:17-cv-00595-PK

       Plaintiff,            OPINION & ORDER

     v.

WELLS FARGO BANK, N.A., et al.,

       Defendants.

//

//

//

Mark B. Comstock
Garrett Hemann Robertson P.C.
1011 Commercial St. N.E.
Salem, OR 97301

    Attorney for Plaintiff

Joseph A. Rohner IV
Anglin Flewelling Rasmussen Campbell & Trytten LLP
121 S.W. Salmon St., Suite 1100
Portland, OR 97204

    Attorney for Defendant Wells Fargo Bank, N.A.

John M. Thomas
McCarthy & Holthus, LLP
920 SW Third Ave. – 1st Floor
Portland, OR 97204

    Attorney for Quality Loan Service Corporation of Washington

Richard A. Uffelman
Buckley Law, P.C. 5300 Meadows Road, Suite 200
Lake Oswego, OR 97035

    Attorney for Aaron Reed LLC

HERNÁNDEZ, District Judge:

    Magistrate Judge Paul Papak issued a Findings & Recommendation ("F&R") [28] on October 16, 2017, recommending that Defendants' Motion to Dismiss [10] be granted in part. The parties have timely filed objections [32] [33] [35] to the F&R. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). After reviewing the F&R, the parties' briefs, the record in this case, and the relevant law, the Court adopts the F&R in part with modifications. The Court finds no basis to modify those portions of the F&R to which the parties did not object.

//

BACKGROUND

A detailed recitation of this case's factual background can be found in the F&R and the Court will not repeat it here. *See* F&R 2–6, ECF 28. Plaintiff brought claims for declaratory and injunctive relief, breach of contract, unlawful foreclosure, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, and the Oregon Unfair Trade Practices Act ("UTPA"), Or. Rev. Stat. §§ 646.605–646.656. Defendants are Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. (collectively "Wells Fargo"), Quality Loan Service Corp. of Washington ("QLS"), and Aaron Reed LLC. Wells Fargo, joined by QLS, moved to dismiss each of Plaintiff's claims listed above.

The F&R recommended that the Court dismiss with leave to amend Plaintiff's claims other than the UTPA claim. Plaintiff, Wells Fargo, and QLS each separately filed objections. Plaintiff objects to the recommended dismissal of his wrongful foreclosure claim and claims for declaratory and injunctive relief. *See* Pl.'s Objs., ECF 32. Wells Fargo objects to the F&R, arguing that the UTPA claim should be dismissed. *See* Wells Fargo's Objs., ECF 33. Lastly, QLS objects, arguing that Plaintiff's UTPA claim does not apply to it. *See* QLS's Objs., ECF 35.

STANDARD

When a party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

DISCUSSION

With respect to Plaintiff's objections regarding his wrongful foreclosure claim, the Court concludes that there is no basis to modify the F&R. Accordingly, that claim is dismissed with

leave to amend. Similarly, as to Wells Fargo's objections regarding Plaintiff's UTPA claim, the Court has reviewed the pertinent portions of the record *de novo* and the relevant law and finds no errors in the F&R. Therefore, Plaintiff's UTPA claim against Wells Fargo is not dismissed. The Court, however, finds that it is necessary to modify the F&R in two respects. First, the Court agrees that Plaintiff's claims for declaratory and injunctive relief should be dismissed; however, the Court concludes that Plaintiff's claims for declaratory and injunctive relief must, for reasons not addressed in the F&R, be dismissed with prejudice. Second, The Court finds Plaintiff's UTPA claim is inapplicable to QLS to the extent that it is based on Or. Rev. Stat. ("O.R.S.") § 646.608(1)(u). Plaintiff's UPTA claim otherwise continues as against QLS.

I. **Claims for Declaratory and Injunctive Relief**

Plaintiff's first and second "claims for relief" request declaratory and injunctive relief. Compl. ¶¶ 26–31, ECF 1. The F&R recommends dismissing those claims because they "depend on the merits of Plaintiff's other claims[.]" F&R 12. Plaintiff objects on the ground that the F&R did not recommend dismissing his UTPA claim which provides sufficient basis for relief. Pl.'s Objs. 7.

Plaintiffs "claims" for declaratory and injunctive relief are requests for remedies to other claims and are not "claims for relief" in themselves. *See Henry v. Gerber Prod. Co.*, No. 3:15-CV-02201-HZ, 2016 WL 1589900, at *4 (D. Or. Apr. 18, 2016) ("[A]n injunction is a type of relief, not a separate cause of action."); *Fauley v. Washington Mut. Bank FA*, No. 3:13-CV-00581-AC, 2014 WL 1217852, at *9 (D. Or. Mar. 21, 2014) (recognizing that the plaintiff's "'claim for injunctive relief' is actually a prayer for relief which the court may consider only after adjudicating her substantive causes of action" and concluding that the claim was "not a 'claim for relief' susceptible to a motion to dismiss for failure to state a claim"); *Curtis v. Option*

*One Mortg. Corp.*, No. 109CV1982AWISMS, 2010 WL 1729770, at *8 (E.D. Cal. Apr. 28, 2010) ("Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself."); *Davidson v. Kimberly-Clark Corp.*, No. C 14-1783 PJH, 2015 WL 2357088, at *4 (N.D. Cal. May 15, 2015) (collecting cases recognizing that injunctive relief is a remedy and not a cause of action). Accordingly, Plaintiff's alleged "causes of action" for declaratory and injunctive relief are dismissed with prejudice. The Court grants Plaintiff leave to amend his complaint to include declaratory and injunctive relief as remedies in his prayers for relief.

## II.  Applicability of UTPA to QLS

Plaintiff's Fifth Claim for Relief alleges unlawful trade practices under UTPA against Wells Fargo and QLS. Compl. ¶¶ 45–54 The F&R recommends not dismissing Plaintiff's UTPA claim. *See* F&R 10–11. QLS objects, arguing that UTPA is inapplicable to it as a trustee for Wells Fargo. Oregon Administrative Rule ("OAR") 137-020-0800(5)(c) provides: "'Servicing of residential mortgage loans' does not include the activities of any person licensed or authorized to act as an attorney, escrow agent, title company, or title insurer under Oregon law, or any person qualified to serve as a trustee under ORS 86.790."

QLS is correct that the administrative rule it cited renders part of Plaintiff's UTPA claim inapplicable to it. Plaintiff's Complaint alleges that QLS engaged in several unfair trade practices in violation of O.R.S. 646.608(1)(b), (e), (k), (q), and (u). Compl. ¶¶ 45–54. Subsection (1)(u) makes it unlawful to "[e]ngage[] in any other unfair or deceptive conduct in trade or commerce." O.R.S. 646.608(1)(u). UTPA provides that claims alleging a violation of subsection (1)(u) require that the Attorney General first establish rules "declaring the conduct to be unfair or deceptive in trade or commerce." O.R.S. 646.608(4). Oregon Administrative Rule 137-020-0805

5 – OPINION & ORDER

defines unfair and deceptive acts in mortgage loan servicing for purposes of ORS 646.608(1)(u), (4). A "mortgage loan servicer" is defined, in relevant part, as "a person engaging in the servicing of residential mortgage loans.]" OAR 137-020-0805(3). As noted above, however, the activities of an agent acting as a trustee are not included in the definition of "[s]ervicing of residential mortgage loans." OAR 137-020-0800(5)(c). The documents to which the Court took judicial notice establish that QLS is a trustee and therefore subject to the exception under this rule. *See* Compl., Ex. 9. Plaintiff's UTPA claim against QLS is dismissed to the extent it is based on subsection (1)(u). Plaintiff's UTPA claim against QLS may continue to the extent it is based on other alleged unfair trade practices under different subsections of the statute.

## CONCLUSION

The Court ADOPTS the F&R [28] with regards to Plaintiff's claims for breach of contract, unlawful foreclosure, and RESPA violations. Those claims are dismissed with leave to amend. The Court MODIFIES the F&R and dismisses Plaintiff's claims for declaratory and injunctive relief with prejudice. Plaintiff is granted leave to amend his complaint to include his requests for declaratory and injunctive relief as remedies. The Court ADOPTS the F&R as to Plaintiff's UTPA claim against Wells Fargo. The Court MODIFIES the F&R and dismisses Plaintiff's UTPA claim against QLS to the extent that it is based on O.R.S. 646.608(1)(u). Plaintiff has thirty (30) days from the entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 31 day of January, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge